IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kawasi Dingle, | ) | |
| | ) | Crim. No. 4:11-cr-00536-RBH-1 |
| Petitioner, | ) | C/A No. 4:16-cv-00084-RBH |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner's [ECF #86] motion to vacate under 28 U.S.C. § 2255. Petitioner, Kawasi Dingle, who is represented by Assistant Federal Public Defender, William F. Nettles, was originally sentenced to a mandatory minimum term of 180 months imprisonment pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). Petitioner now seeks resentencing alleging he no longer has three predicate convictions as required by the Armed Career Criminal Act.

On February 1, 2016, the government filed a response conceding that Petitioner should be resentenced as his South Carolina convictions for second degree burglary no longer qualify as predicate offenses under the Armed Career Criminal Act, 18 U.S.C. § 924(e), in light of *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015) and the Fourth Circuit decision, *United States v. McLeod*, 808 F.3d 972 (4th Cir. 2015). Specifically, the government stated that the "underlying state court documents that the court can look at pursuant to *Shepard* do not demonstrate that the burglaries were of a structure and not of a "vehicle, watercraft, or aircraft." [Government Response in Support of Petitioner's Motion to Vacate, ECF #89].

Having thoroughly reviewed the record in this case, and in light of Respondent's position supporting Petitioner's motion to vacate, **IT IS ORDERED** that

1. Petitioner's [ECF# 86] *pro se* motion to vacate his sentence under 28 U.S.C. § 2255 is **GRANTED**.

2. All remaining provisions of Petitioner's criminal judgment shall remain unchanged pending further orders of this Court.

3. Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing.

4. The U.S. Probation Office shall prepare a Supplemental Presentence Report in advance of Petitioner's resentencing hearing and file the same in the criminal case.

5. The Clerk of Court shall appoint counsel for the Petitioner for the purpose of the resentencing hearing.

6. The Clerk of Court shall coordinate the date of the resentencing with Chambers.

7. The Clerk's Office shall notify the Petitioner, U.S. Attorney, Defense counsel, the U.S. Marshals Service, and the U.S. Probation Office of the date of the resentencing hearing.

8. The Clerk of Court is respectfully directed to certify copies of this Order to the Petitioner, Defense counsel, U.S. Attorney, the U.S. Marshals Service, and the U.S. Probation Office.

**IT IS SO ORDERED**.

February 23, 2016                               s/ R. Bryan Harwell
Florence, South Carolina                    R. Bryan Harwell
                                                         United States District Judge